Gkeen, J.
delivered the opinion of the court.
This suit was brought before a justice of the peace, the 15th of Nov. 1839, upon a promissory note executed by the firm of R. *168 McGregor & Co., dated. 11th April, 1832. The partnership of R. McGregor & Co., was created in 1829, and expired by limitation in 1834. The justice gave judgment for the plaintiff, and the defendant Donelson, alone, appealed to the circuit court.
In the circuit court, the defendant relied on the statute of limitations, and the plaintiff proved, that in 1837, R. McGregor, who was the active member of the firm of R. McGregor & Co., acknowledged said note tobe just, and promised the plaintiff to pay the same.
The court charged the jury, that “after a'partnership had ceased, one partner could not make an acknowledgement of a debt, and a promise to pay the same, as detailed in the evidence, which would he obligatory on the other members of the firm, so as to exclude the statute of limitations. That if such acknowledgement and promise were made, either before or after the statute had performed its office, the effect would be the same. That such acknowledgement and promise would not prevent the statute from running in favor of the other partners, although the debt might not be barred at the time the acknowledgement and promise was made.” This charge is correct in all respects. That the acknowledgement and promise of the partner, made after the dissolution of the partnership, will not take a case out of the statute of limitations, was decided by this court in the case of Belote vs. Wynne, 7 Yer. Rep. 341; because, say the court, “after a dissolution of a partnership, no partner can create a cause of action against the other partners, except by a new authority communicated to him for that purpose. When the statute of limitations has once run against a debt, the cause of action against the partnership is gone. The acknowledgement, if it is to operate at all, is to create a new cause of action.”
The case of Belote vs. Wynne, is in accordance with what had been the settled doctrine of this court in regard to the statute of limitations previous to that decision. It was only the application of established principles, to the particular case of an acknowledgement by a partner after a dissolution. In the case of Evans vs. Duberry, 1 Marsh. Rep. 189, the court of appeals of Kentucky, decided that evidence of the acknowledgement of one partner of the existence of a debt made after the dissolution, was inadmissible against another partner. In the case of Bell vs. Morrison, 1 Peters’ Rep. 351, 375, the supreme court of the United States decided, that the acknowledgement of one partner, after the dissolu- *169 4ion, would not operate to take a case out of the statute of limitations as to other partners.
The opinion of the court in this case, delivered by Judge Story, exhausts the subject, and states the principles upon which it rests, with great clearness and force. These principles and views were recognized and adopted by this court, in the case of Belote vs. Wynne. With that decision we are entirely satisfied, and reaffirm its principles. But in this case, the counsel for the plaintiff in error takes a distinction between an acknowledgement made after the bar of the statute had been formed, and one made before the expiration of the time to form the bar. This distinction cannot exist in principle. In Bell vs. Morrison, the court say, “the ac-knowledgement, if it operate at all, is to create a new cause of action.”
But in the commencement of the same paragraph, (page 373) they say, that “after the dissolution of a partnership, no person ■can create a cause of action against the other partners, except by a new authority communicated to him for that purpose.” If then, he can create no new cause of action; and if the acknowledgement, to have any efficacy, does create such cause of action, it follows, that whether it is made before or after the time limited in the ■statute has expired, can make no difference. Gow on partnership, 310. Let the judgment be affirmed.